**JOHN DILORENZO, JR., OSB #802040**
johndilorenzo@dwt.com
**CHRIS SWIFT, OSB #154291**
chrisswift@dwt.com
**EVAN R. CHRISTOPHER, OSB #183214**
evanchristopher@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon  97201
Telephone:  (503) 241-2300
Facsimile:   (503) 778-5299

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **COOS COUNTY OF OREGON,**<br><br>**PLAINTIFF**,<br><br>v.<br><br>**DAVID BERNHARDT, in his official capacity as United States Secretary of the Interior; U.S. DEPARTMENT OF THE INTERIOR, acting by and through the BUREAU OF LAND MANAGEMENT,**<br><br>**DEFENDANTS**. | Case No.<br><br>**PETITION FOR WRIT OF MANDAMUS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE COOS BAY WAGON ROADS ACT, 43 U.S.C. §§ 2621 and 2621; PETITION FOR JUDICIAL REVIEW TO COMPEL AGENCY ACTION PURSUANT TO 5 U.S.C. § 706(1)** |

## INTRODUCTION

1.  The Coos Bay Wagon Road Grant Lands (the "CBWR Lands") are federal lands located in Coos and Douglas Counties in the State of Oregon.  The 1939 Coos Bay Wagon Road Act (the "Act") governs the administration of the CBWR Lands.  The Act directs the Secretary of the Treasury, upon certification of the amounts by the Secretary of the Interior, to make annual payments in lieu of taxes (PILT) to Plaintiff and Douglas Counties upon appraisal of the CBWR Lands.  The Act does not give the Secretary of the Treasury nor the Secretary of the Interior discretion to perform these functions or not; their duties under the Act are ministerial.

Page 1 – COMPLAINT

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2.      The Act requires the CBWR Lands to be assessed as are other similar properties within the respective counties.  The payments under the Act must be computed by applying the same rates of taxation as are applied to privately owned property of similar character in Coos and Douglas Counties.  Appraisal of the CBWR Lands is performed by a committee (the "Appraisal Committee") comprised of one representative for the counties, one representative for the Secretary of Interior, and a third person satisfactory to both the counties and the Secretary.

3.      To ensure proper valuation of the CBWR Lands, the Act requires that the CBWR Lands be appraised at least once every 10 years.  The Appraisal Committee is to carry out this function as described in Section 1 of the Act.  The Act does not give the Appraisal Committee discretion to perform this appraisal or not; the Appraisal Committee's duty under the Act to conduct an appraisal is directory.  The Act does not provide for any exceptions to the requirement for decennial appraisals.

4.      Since at least 2011, the Bureau of Land Management (BLM), an agency within Defendant United States Department of the Interior (the "Department"), has maintained that it is no longer necessary for the Appraisal Committee to appraise the CBWR Lands.  Officials within the Department have consistently refused to appoint a representative to the Appraisal Committee or perform any of the duties required of them by the Act.

5.      The Department's refusal has created actual harm for Plaintiff and a threat of further irreparable harm.  Plaintiff is a small, cash-strapped county in rural southwestern Oregon. The proper calculation of the PILT is vital to Plaintiff's financial stability.

## JURISDICTION

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.  This action lies in the proper interpretation of the Act, 43 U.S.C. §§ 2621 to 2623, and the duties that must be performed thereunder.

Page 2 – COMPLAINT

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

7. The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1346 because this is a civil action against the federal government founded upon an Act of Congress: 43 U.S.C. §§ 2621 and 2623.

8. The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1361 because this is an action in the nature of mandamus to compel a federal officer and agency to perform duties owed to Plaintiff.

9. Defendant United States Department of the Interior is subject to the personal jurisdiction of the Court pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) because it has caused or threatened to cause harm by acts that occurred within the State of Oregon.

## VENUE

10. Venue in the United States District Court for the District of Oregon is proper pursuant to 28 U.S.C. § 1391(b)(2) because both a substantial part of the events or omissions giving rise to the claim occurred in Oregon and a substantial part of the property that is the subject of this action is situated in Oregon.

11. Assignment to the Eugene Division is proper pursuant to District of Oregon Local Rule 3-2 (Divisions of Court) because a substantial part of the property that is the subject of this action is situated in the Eugene Division.

## PARTIES

12. Plaintiff Coos County is a political subdivision of the State of Oregon located in rural southwestern Oregon along the Oregon Coast.

13. Defendant David Bernhardt is the Acting Secretary of the Interior for the United States Department of the Interior, the Department responsible for performing the ministerial, nondiscretionary duties described in the Act for the appointment of the Appraisal Committee and completion of the decennial appraisals.

14. The United States Department of the Interior, acting by and through the Bureau of Land Management, is an executive agency of the United States federal government which the
Page 3 – COMPLAINT

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Act directs to perform the ministerial, nondiscretionary duties described thereunder for the appointment of the Appraisal Committee and completion of the decennial appraisals.

## FACTS

15. The Appraisal Committee has not completed a decennial appraisal of the CBWR Lands for at least the last 10 years. The last time the Department appointed a representative to the Appraisal Committee was in 2008. The Department has delegated some authority to manage matters related to the CBWR Lands and the convening of the Appraisal Committee to the Oregon/Washington district of the BLM.

16. Since at least 2011, Plaintiff has made repeated efforts to work with the Department, through the regional BLM office, to convene the Appraisal Committee.

17. At a September 23, 2011 meeting of the Association of Oregon and California (O&C) Counties meeting, Plaintiff requested information from the Department about its plans for future administration of the CBWR Lands and the planned PILT. The Department responded by a letter Plaintiff dated October 26, 2011. A copy of that letter is attached as Exhibit 1. Through the then-BLM State Director for Oregon/Washington, Edward W. Shepard, the Department first took its present position that appraisal of the CBWR Lands is no longer necessary because the CBWR Lands satisfied the criteria for taxation under the "Forest Land Classification" pursuant to the Oregon Legislature's "Forest Land Program," passed in 2003.

18. Since the Department's October 2011 letter, Plaintiff has repeatedly urged the Department to reconsider its position and convene the Appraisal Committee as called for by the plain text of the Act. The Department has repeatedly denied Plaintiff's requests.

19. By correspondence dated August 1, 2016 and addressed to Ron Dunton, Acting State Director for Oregon/Washington, Plaintiff inquired as to the status of the Appraisal Committee. Mr. Dunton responded by a letter dated October 3, 2016. A copy of that letter, which includes reference to the August 1, 2016 correspondence, is attached as Exhibit 2. The Department, through Mr. Dunton, reiterated its position that appraisal of the CBWR Lands—and,

Page 4 – COMPLAINT

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

by extension, convening of the Appraisal Committee—is no longer necessary due to the Oregon Forestland Program.

20.     By letter dated August 14, 2017 and addressed to BLM State Director for Oregon/Washington Jamie Connell, Coos County Assessor Steve Jansen notified the Department that the Coos County Assessor's Office had disqualified the CBWR Lands as forestlands under the Oregon Forestland Program.  A copy of that letter is attached as Exhibit 3. Mr. Jansen explained that the CBWR Lands no longer qualify for special assessment under the Oregon Forestland Program because virtually all of the CBWR Lands have been allocated to land management classifications not satisfying the program's statutory definitions for "forestland." By a letter dated December 5, 2017, the Department recognized "the economic uncertainties in Coos County."  Nonetheless, the Department refused to convene the Appraisal Committee or otherwise satisfy its responsibilities under the Act.  The Department, through State Director Connell, stated that state laws do not apply to the CBWR Lands.  The Defendant further stated that the CBWR Lands qualify as "timberlands" under federal statutes, which is a sufficient basis for the Department to continue to assess the CBWR Lands as "forestlands" as they would be under state law.  The Department claimed such an approach was proper because the Act requires that any PILT be equal to the taxes paid on privately owned lands of similar character in the State of Oregon.  A copy of that letter is attached as Exhibit 4.

21.     In fall of 2018, Plaintiff again inquired of the Department's plans to convene the Appraisal Committee.  By a letter dated October 12, 2018, the Department, again through State Director Connell, reiterated its position as stated in its October 2017 letter.  A copy of that letter is attached as Exhibit 5.

22.     On November 1, 2018, Plaintiff sent a letter addressed to Joe Balash, Assistant Secretary of the Interior for Land and Mineral Management, demanding that the Department either take the steps necessary for convening the Appraisal Committee as required by the Act within 45 days or schedule a meeting with Mr. Balash and Plaintiff's representatives.  A copy of

Page 5 – COMPLAINT

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

that letter is attached as Exhibit 6. To date, Plaintiff has not received a response to that letter. No meeting has been scheduled, nor has the Department taken any steps to convene the Appraisal Committee.

23.  The current amount of the PILT is based on the special assessment values for "forestland" under the Oregon Forestland Program. The CBWR Lands should be reappraised at their real market value, as required by the Act. The Department's persistent refusal to do so has exposed Plaintiff to imminent harm by jeopardizing significant revenue to which Plaintiff is lawfully entitled.

24.  Unless the Appraisal Committee is convened, Plaintiff is likely to suffer irreparable harm at the start of the 2021 federal fiscal year. Plaintiff receives PILT payments out of the Coos Bay Wagon Road Grant Fund (the "CWBR Fund"), which is designed to accrue receipts from the CBWR Lands over a period of ten fiscal years before emptying into the general fund of the U.S. Treasury. 43 U.S.C. 2623. The current 10-year period ends this Oct. 1, 2020 with the start of federal fiscal year 2021, and the Appraisal Committee is not likely to convene and reappraise the CBWR Lands before that date. As such, Plaintiff is poised to lose the difference between the presently undervalued PILT payments it is set to receive for fiscal years 2019 and 2020 and PILT payments for those same fiscal years based properly on real market value; it is unlikely that Plaintiff will be able to calculate that difference until after the CBWR Fund is scheduled to be emptied.

## FIRST CLAIM FOR RELIEF

### Petition for Writ of Mandamus

25.  Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 24 as though fully set forth herein.

26.  The Department's duties under the Act are clear and certain.

27.  The Department has failed to take any of the following ministerial, non-discretionary duties required by the Act, 43 U.S.C. §§ 2621 and 2622:

Page 6 – COMPLAINT

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

a. The Department has failed to appoint a representative of the Secretary of the Interior to sit on the Appraisal Committee;

b. The Department has failed to cooperate with Plaintiff and Douglas County to appoint a mutually agreeable person to the Appraisal Committee; and

c. The Department insists that it no longer needs to perform the ministerial functions outlined in the Act related to decennial appraisals of the CBWR Lands.

28. The Department's ongoing failure to perform the ministerial functions required of it by law has injured Plaintiff by depriving Plaintiff of a fair, lawful appraisal of the real market value of the CBWR Lands and the increased revenue such an appraisal would generate.

29. No other remedy short of compelling the Department to act as required by law will adequately redress Plaintiff's injuries.

## SECOND CLAIM FOR RELIEF

### Violation of a Nondiscretionary, Ministerial Duty Required by Law

30. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 29 as though fully set forth herein.

31. Pursuant to the Act, Plaintiff has a right to decennial appraisals of the CBWR Lands for calculation of the amount of PILT. The Department has a ministerial, nondiscretionary duty to appoint a representative of the Secretary of the Interior to the Appraisal Committee. The Department also has a ministerial, nondiscretionary duty to cooperate with Plaintiff and Douglas County to appoint a person mutually agreeable to all parties to serve on the Appraisal Committee.

32. No other statute, regulation, administrative rule, or subsequent case law has modified nor eliminated the Department's duties under the Act.

33. The Department's refusal to perform the ministerial, nondiscretionary duties outlined above constitutes an unlawful violation of the Act.

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## THIRD CLAIM FOR RELIEF

### Administrative Procedure Act – 5 U.S.C. § 706(1)

34. Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 33 as though fully set forth herein.

35. The Department's decision, articulated in a letter Plaintiff received on December 5, 2017, refusing to appoint a representative of the Secretary of the Interior to the Appraisal Committee or to cooperate with Plaintiff and Douglas County to appoint a person mutually agreeable to all parties to the Appraisal Committee despite the Coos County Assessor's disqualification of the CBWR Lands from special assessment as "forestland" is a final agency action.

36. The Department's December 2017 letter amounts to a definitive statement of the agency's position and has a direct and immediate effect on Plaintiff.

37. The above agency actions which Plaintiff seeks to compel are discrete and required by the plain language of the Act.

38. In failing to appoint a representative of the Secretary of the Interior to the Appraisal Committee or to cooperate with Plaintiff and Douglas County to appoint a person mutually agreeable to all parties to the Appraisal Committee, the Department has ignored a specific legislative command.

39. Plaintiff is entitled to recovery of its costs and attorney fees pursuant to 43 U.S.C. § 2412(b), (d)(1)(A).

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in its favor as follows:

    A.    Issuing a Writ of Mandamus enjoining Defendant Bernhardt to:

        1.    Appoint a representative of the Secretary of the Interior to the Appraisal Committee;

        2.    Cooperate in good faith with Plaintiff and Douglas County to appoint a

Page 8 – COMPLAINT

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main ∙ (503) 778-5299 fax

       person mutually agreeable to all parties to the Appraisal Committee;

3. Convene the Appraisal Committee; and

4. Ensure that the representative of the Secretary of the Interior participates fully and in good faith in all actions necessary for the Appraisal Committee to fulfill its statutory duties;

5. Preserve the 10-year period ending balance of the CBWR Fund until payments for federal fiscal years 2019 and 2020 are made based on a new appraisal of the CBWR Lands, as determined by the Appraisal Committee.

B. Declaring and adjudging that Defendant Bernhardt's failure to take the actions necessary to convene the Appraisal Committee is an unlawful violation of the Act, 43 U.S.C. §§ 2621 and 2622;

C. Enjoining Defendant Bernhardt to:

1. Appoint a representative of the Secretary of the Interior to the Appraisal Committee;

2. Cooperate in good faith with Plaintiff and Douglas County to appoint a person mutually agreeable to all parties to the Appraisal Committee;

3. Convene the Appraisal Committee; and

4. Ensure that the representative of the Secretary of the Interior participates fully and in good faith in all actions necessary for the Appraisal Committee to fulfill its statutory duties;

5. Preserve the 10-year period ending balance of the CBWR Fund until payments for federal fiscal years 2019 and 2020 are made based on a new appraisal of the CBWR Lands, as determined by the Appraisal Committee.

D. Compelling the Department to take the ministerial, nondiscretionary actions required of it by the Act, 43 U.S.C. §§ 2621 and 2622;

E. Retaining jurisdiction over this matter to the extent necessary to ensure that

Page 9 – COMPLAINT

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Defendants comply with their duties under the Act;

 F. Awarding Plaintiff its reasonable costs and attorney fees pursuant to 43 U.S.C. § 2412(b), (d)(1)(A); and

 G. Granting Plaintiff such other and further relief as the Court deems proper.

DATED this 17th day of April, 2019.

  DAVIS WRIGHT TREMAINE LLP

  By: /s/ *John DiLorenzo, Jr.*
   JOHN DILORENZO, JR., OSB #802040
   Email: johndilorenzo@dwt.com
   CHRIS SWIFT, OSB #154291
   Email: chrisswift@dwt.com
   EVAN R. CHRISTOPHER, OSB #183214
   Email: evanchristopher@dwt.com
   1300 SW Fifth Avenue, Suite 2400
   Portland, Oregon 97201
   Telephone: (503) 241-2300
   Facsimile: (503) 778-5299

Page 10 – COMPLAINT

Block DocID

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax