IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COOS COUNTY OF OREGON**, Plaintiff, v. **DAVID BERNHARDT**, in his official capacity as United States Secretary of the Interior; **U.S. DEPARTMENT OF THE INTERIOR**, acting by and through the **BUREAU OF LAND MANAGEMENT**, Defendants. | Case No. 6:19-cv-00576-MC **OPINION AND ORDER** |

**MCSHANE, Judge:**

Plaintiff Coos County of Oregon brings this action for declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 706(1).[1] Plaintiff alleges that Defendants violated the Coos Bay Wagon Roads Act ("CBWR Act"), 43 U.S.C. §§ 2621 and 2622, by repeatedly refusing to conduct an appraisal of the Coos Bay Wagon Road Grant Lands ("CBWR lands"). Pl.'s Compl. ¶¶ 1–2, ECF No. 1. Plaintiff alleges that an appropriate appraisal of the CBWR lands would result in more federal revenue being allotted to the county. *See id.* ¶ 23. Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction, arguing that

---

[1] 5 U.S.C. § 706(1) requires the reviewing court to compel unlawfully withheld or unreasonably delayed agency action.

1 – OPINION AND ORDER

Plaintiff cannot meet the redressability prong of Article III standing.[2] Defs.' Mot. 1, ECF No. 11. Because Plaintiff has alleged a procedural injury and demonstrated a possibility of redress sufficient to establish procedural standing, Defendants' Motion to Dismiss (ECF No. 11) is DENIED.

## BACKGROUND

The CBWR lands are federal lands within the Oregon counties of Coos and Douglas. Pl.'s Compl. ⁋ 1. Defendants oversee the management of these lands as proscribed by the CBWR Act and Oregon & California Railroad Lands Act ("O&C Act"), 43 U.S.C. § 2601. Defs.' Mot. 2–3. The O&C Act provides that a percentage of the revenue from O&C lands shall go to the counties where the lands are located, but a similar provision does not exist for the CBWR lands. *Id.* at 3. Therefore, Congress enacted the CBWR Act to allow for payments in lieu of taxes to counties where the CBWR lands are located. *Id.* The CBWR Act requires a committee to appraise and assess the lands as it would "other similar properties" within the counties. 43 U.S.C. § 2621. The appraisal committee consists of one person representing the Secretary of the Interior, one person representing the two counties, and a third person satisfactory to the Secretary of the Interior and the counties. *Id.* Payments are to be based on the "same rates of taxation as are applied to privately owned property of similar character" within the counties. *Id.* An appraisal is required at least once every ten years. 43 U.S.C. § 2622.

The State of Oregon created the Oregon Forestland Program in 2003, which assigns

---

[2] In addition to constitutional standing requirements, Plaintiff must also satisfy the statutory standing requirements for a lawsuit brought under the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Those requirements are "(1) that there has been final agency action adversely affecting the plaintiff, and (2) that, as a result, it suffers legal wrong or that its injury falls within the 'zone of interests' of the statutory provision the plaintiff claims was violated." *Churchill Cty. v. Babbitt*, 150 F.3d 1072, 1078 (9th Cir. 1998). Neither Plaintiff nor Defendants raised this issue and it is clear that Plaintiff meets these requirements. Defendants' refusal to conduct an appraisal is a final agency action and Plaintiff's assertion that the lack of an appraisal causes financial injury to Plaintiff because of lesser payment amounts is an injury that falls within the zone of interests protected by the CBWR Act.

Forest Land Classifications to privately owned forestlands in Western Oregon and, in turn, dictates the tax rate for forestlands. Defs.' Mot. 3; *see* ORS §§ 321.207, 321.210.

> "Forestland" means land in western Oregon that is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland or land in western Oregon, the highest and best use of which is the growing and harvesting of such trees.

ORS § 321.257(2). Eight land classifications qualify for specially assessed values. ORS § 321.210(2). The Oregon Department of Revenue assigns the classifications. ORS § 321.348(1).

The CBWR lands have not been appraised in the last ten years. Pl.'s Compl. ¶ 15. Plaintiff has repeatedly attempted to convene an appraisal committee with Defendants. *Id.* ¶ 16. Defendants continue to maintain that under the Oregon Forestland Program, the CBWR lands meet the criteria for specially assessed forestlands and therefore an appraisal is no longer necessary. *Id.* ¶ 17. In 2008, the Oregon Department of Revenue weighed in on this issue, telling Defendants that because federal lands are exempt from *ad valorem* taxation[3] it is the Department's position that the CBWR lands are not entitled to forestland special assessment under state tax laws. Pl.'s Compl. Ex. 4, at 4. Despite this guidance, Defendants determined that the CBWR lands qualified as forestlands under the Oregon Forestland Program and made payments based on specially assessed values. Pl.'s Compl. ¶¶ 17, 23. In 2017, Coos County Assessor Steve Jansen notified Defendants that the Coos County Assessor's Office disqualified the CBWR lands as forestlands. Pl.'s Compl. Ex. 3, at 1. Mr. Jansen explained that the CBWR lands no longer qualified for special assessment under the Oregon Forestland Program because the federal government managed large portions of the lands in ways that did not meet the criteria

---

[3] *Ad valorem* means "according to value." BLACK'S LAW DICTIONARY (2d ed. 1910). An *ad valorem* tax is "[a]n additional charge put on an item that is a percentage of its value." *Id.* Generally, federal lands are not subject to state *ad valorem* taxes under the Supremacy Clause.

for forestland classification. *Id.* at 3.

Defendants argue that state laws regarding land classifications do not apply to the CBWR lands. Defs.' Reply 2, ECF No. 17. Rather, they assert that the O&C Act classifies the CBWR lands as "timberlands," qualifying the lands for forestland special assessment in the same manner that private properties of similar character would be taxed. *Id.* at 2–3. Defendants also argue that the CBWR lands meet the statutory definition of "forestland" under ORS § 321.257(2): "land in western Oregon, the highest and best use of which is the growing and harvesting of such trees." *Id.* at 3–4. Defendants conclude that the rate for payments is certain and no appraisal is necessary. *Id.* at 2.

## STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the subject matter jurisdiction of a federal court. A federal court has no jurisdiction to resolve any claim for which a plaintiff lacks standing. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires a plaintiff to show she has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

There is, however, a lower bar where procedural rights are concerned. "[A] person who has been accorded a procedural right to protect his concrete interests can assert that right without meeting all the normal standards for redressability and immediacy." *Lujan*, 504 U.S. at 572 n.7.

To satisfy the injury-in-fact requirement for procedural standing, a plaintiff must allege that (1) the defendant violated certain procedural rules; (2) these rules protect plaintiff's concrete interests; and (3) it is reasonably probable that the challenged action will threaten her concrete interests. *Nuclear Info. and Res. Serv. v. Nuclear Regulatory Com'n*, 457 F.3d 941, 949 (9th Cir. 2006).

When a plaintiff has shown a procedural injury, she has a lesser burden regarding the causation and redressability prongs of Article III standing. *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1226 (9th Cir. 2008) (citing *Lujan*, 504 U.S. at 572 n.7). A plaintiff asserting procedural standing "need not demonstrate that the ultimate outcome following proper procedures will benefit [her]" to satisfy redressability. *Cantrell v. City of Long Beach*, 241 F.3d 674, 682 (9th Cir. 2001). Rather, a plaintiff need only show that "the relief requested—that the agency follow the correct procedures—may influence the agency's ultimate decision of whether to take or refrain from taking a certain action. This is not a high bar to meet." *Salmon Spawning*, 545 F.3d at 1226–27 (internal citation omitted). Nonetheless, "the redressibility [sic] requirement is not toothless in procedural injury cases." *Id.* at 1227.

## DISCUSSION

Defendants argue that Plaintiff lacks standing and therefore this Court lacks subject matter jurisdiction over Plaintiff's claims. Defs.' Mot. 1. Specifically, Defendants argue that Plaintiff's requested relief—an appraisal of the CBWR lands—will not influence the agency's decision regarding the rate for payments nor redress Plaintiff's alleged injury. *Id.* at 7, 11–12. Plaintiff argues that it has alleged a procedural injury and showed a possibility of redress under procedural standing requirements. Pl.'s Resp. 7–8, ECF No. 16.

Plaintiff has sufficiently alleged an injury-in-fact for procedural standing. Defendants violated the CBWR Act's procedural rules by refusing to convene an appraisal committee to appraise the CBWR lands in the last ten years. *See* 43 U.S.C. § 2622. These rules protect Plaintiff's concrete interest in receiving accurate payments from Defendants. *See* Pl.'s Resp. 8. Because Plaintiff has established a procedural injury, Plaintiff need not satisfy normal Article III standing requirements having to do with causation and redressability. *See Valley Forge Christian Coll.*, 454 U.S. at 472; *Lujan*, 504 U.S. at 572 n.7. Plaintiff only needs to show that the requested relief *may* influence the agency's ultimate decision. *See Salmon Spawning*, 545 F.3d at 1226–27.

Plaintiff has shown that convening an appraisal committee and conducting an appraisal of the CBWR lands may influence the rate for payments. Defendants have assumed that the CBWR lands qualify as forestlands under the Oregon Forestland Program and issued payments accordingly. Plaintiff has raised considerable doubt as to whether the CBWR lands qualify for special assessment under this state-created tax program. The CBWR Act states that:

> Upon appraisal thereof, the land and timber thereon shall be assessed as are other similar properties within the respective counties, and payments hereunder in lieu of taxes shall be computed by applying the same rates of taxation as are applied to privately owned property of similar character in such counties.

43 U.S.C. § 2621. Defendants overlook a provision of the CBWR Act which requires that the lands "be *assessed* as are other similar properties" within the counties. *See id.* (emphasis added). Rather than conducting an appraisal and assessment, Defendants unilaterally decided that the CBWR lands qualify as forestlands because the O&C Act classifies them as timberlands. Yet Defendants provide no authority showing that federally classified timberlands are similar in character to state classified forestlands. The mere fact that the two classifications sound similar

in nature does not make them so—the mountains of Tennessee would be nothing but foothills in Oregon despite what they might be called.

More importantly, the CBWR Act does not give Defendants sole discretion in determining whether the CBWR lands are similar in character to privately owned forestlands. Rather, the CBWR Act requires an appraisal committee to assess the CBWR lands. Under the Oregon Forestland Program, an evaluation of lands in Western Oregon takes place and the Oregon Department of Revenue assigns Forest Land Classifications to lands that qualify as forestlands. *See* ORS §§ 321.210(2), 321.348(1). A similar evaluation of the CBWR lands has not occurred. Defendants argue that the Oregon Department of Revenue assigned land classifications to some of the CBWR lands. Defs.' Mot. 3. This is unavailing considering the Department's letter to Defendants in which it declined to assign classifications to the CBWR lands. Pl.'s Compl. Ex. 4, at 4. Certain provisions of the Oregon Forestland Program raise questions over whether the CBWR lands are similar to lands that qualify for forestland special assessment. For example, the State Forester may disqualify lands for special assessment if they are not managed according to a resource management plan accounting for a final harvest. ORS § 321.367. Many of the CBWR lands are dedicated to reserves, which do not allow for a final harvest. Pl.'s Compl. ¶ 20, Ex. 3, at 3.

This Court need not decide whether the CBWR lands would qualify for forestland special assessment under the Oregon Forestland Program. The issue is whether there is a possibility of redress for Plaintiff's alleged injury sufficient to establish procedural standing. Plaintiff has demonstrated that, by conducting a proper assessment, an appraisal committee could conclude that the CBWR lands do not meet certain requirements under the Oregon Forestland Program.

Plaintiff has therefore established that conducting an appraisal may influence the rate for payments sufficient to demonstrate procedural standing.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 11) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of November, 2019.

                                           __s/Michael J. McShane_____
                                               **Michael J. McShane**
                                          **United States District Judge**