IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COOS COUNTY OF OREGON**, <br><br> Plaintiff, <br><br> v. <br><br> **DAVID BERNHARDT**, in his official Capacity as United States Secretary of the Interior; **U.S. DEPARTMENT OF THE INTERIOR**, acting by and through the **BUREAU OF LAND MANAGEMENT,** <br><br> Defendants. | **Civ. No. 6:19-cv-00576-MC** <br><br> **ORDER** |

**MCSHANE, Judge**:

      Plaintiff Coos County of Oregon ("Plaintiff") moves this Court for partial summary judgment pursuant to Fed. R. Civ. P. 56(a). Pl.'s Mot. 1, ECF No. 29. Plaintiff asks this Court to: (1) declare that Defendants David Bernhardt, U.S. Department of the Interior, and Bureau of Land Management ("BLM") violated the Coos Bay Wagon Road ("CBWR") Act, 43 U.S.C. §§ 2621 and 2622; and (2) compel Defendants to convene an appraisal committee pursuant to 5 U.S.C. § 706(1).[1] *Id*. Defendants move this Court for an order dismissing this action as prudentially moot or, alternatively, staying proceedings pursuant to Fed. R. Civ. P. 12(b)(1). Defs.' Mot. 1, ECF No. 31. The Court finds that Defendants violated the CBWR Act and are required to convene an appraisal committee. Because the doctrine of prudential mootness does not apply, the Court GRANTS Plaintiff's Motion for Partial Summary Judgment and DENIES Defendants' Motion to Dismiss or, in the Alternative, for Stay of Proceedings.

---

[1] 5 U.S.C. § 706(1) requires the reviewing court to compel unlawfully withheld or unreasonably delayed agency action.

## BACKGROUND

A detailed rendering of the facts of this case is set forth in the Opinion and Order denying Defendants' first Motion to Dismiss. *See* Op. and Order 2-4, ECF No. 22. For the purposes of this Opinion and Order, the notable facts are incorporated into the discussion below.

## STANDARDS

### I. Summary Judgment

This Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could find in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.*

The Court reviews evidence and draws inferences in the light most favorable to the nonmoving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the nonmoving party must present "specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to avoid summary judgment. *Liberty Lobby, Inc.*, 477 U.S. at 252. Uncorroborated allegations and "self-serving testimony" are also insufficient. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

## II. Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the subject matter jurisdiction of a federal court. A federal court has no jurisdiction to resolve any claim for which a plaintiff lacks standing. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing requires a plaintiff to show she has "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

## DISCUSSION

In ruling on Defendants' first Motion to Dismiss, this Court ruled that Defendants violated the CBWR Act by refusing to convene a committee within the requisite ten-year period to appraise the CBWR lands at issue. Op. and Order 6, ECF No. 22. Plaintiff now asks the Court to reaffirm its previous ruling and grant partial summary judgment in its favor by: (1) declaring that Defendants violated the CBWR Act; and (2) compelling Defendants to convene an appraisal committee. Pl.'s Mot. 1. Defendants argue that this Court should dismiss Plaintiff's claim as prudentially moot or stay proceedings because they have "begun the process of" appointing a federal representative to and convening the appraisal committee. Defs.' Mot. 1–2, ECF No. 31.

"Prudential mootness is a discretionary doctrine" that courts employ when a case is not moot under Article III of the U.S. Constitution, but prudence suggests the court "should treat the case as moot." *Institute for Wildlife Protection v. U.S. Fish and Wildlife Serv.*, 07-cv-358-PK, 2007 WL 4117978, at *7 (D. Or. Nov. 16, 2007) (citing *Ali v. Cangemi*, 419 F.3d 722, 723–24

(8th Cir. 2005)). The inquiry central to prudential mootness is whether "circumstances changed since the beginning of litigation that forestall any occasion for meaningful relief." *S. Utah Wilderness Alliance v. Smith*, 110 F.3 724, 727 (10th Cir. 2004). In *American Rivers, Inc. v. NOAA Fisheries*, the court declined to apply the doctrine of prudential mootness where one agency's action was final, a second did not indicate that it intended to change its opinion, and a third did not indicate that it intended to "change its operations significantly to the extent that a repeat of the challenged actions is highly unlikely." 04-cv–0061, 2004 WL 2075032, *3 (D. Or. Sept. 14, 2004).

Here, the Assistant Secretary for Lands and Minerals approved Kevin Ford as the Department of the Interior's Representative to the appraisal committee on February 21, 2020. Defs.' Notice 1, ECF No. 38. Defendants say that Mr. Ford "convened" the committee and contacted Coos and Douglas Counties on February 21. *Id.* The fact that Defendants appointed one of the three required members and he contacted the counties does not mean that Defendants "convened" the appraisal committee. Coos and Douglas Counties have also appointed a representative, but both parties need to appoint a third member jointly before they may convene the committee. Pl.'s Resp. 3, ECF No. 4.

In their first Motion to Dismiss, Defendants argued that an appraisal was unnecessary. Def.'s Mot. 6–12, ECF No. 11. Defendants now argue that "BLM has changed its position regarding the convening of the Appraisal Committee" and Defendants have taken affirmative steps to complete the process. Defs.' Mot. 5. Defendants' sudden willingness to convene the committee does not render a partial ruling on the merits unnecessary, nor does it indicate a change in opinion or significant change in operations such that "a repeat of the challenged

actions is highly unlikely." *See American Rivers, Inc. v. NOAA Fisheries*, 04-cv–0061, 2004 WL 2075032, *3.

Plaintiffs are entitled to Partial Summary Judgment regarding its claim that Defendants violated the CBWR Act by failing to convene an appraisal committee. This Court compels Defendants to convene the committee and denies their Motion to Dismiss or, in the Alternative, for Stay of Proceedings.

## **CONCLUSION**

Plaintiff's Motion for Partial Summary Judgment (ECF No. 29), is GRANTED. Defendants' Motion to Dismiss or, in the Alternative, for Stay of Proceedings (ECF No. 31) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of March, 2020.

        ___s/Michael J. McShane_____
        **Michael J. McShane**
        **United States District Judge**