IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**COOS COUNTY OF OREGON**,

    Plaintiff,

v.

**DAVID BERNHARDT**, in his official Capacity as United States Secretary of the Interior; **U.S. DEPARTMENT OF THE INTERIOR**, acting by and through the **BUREAU OF LAND MANAGEMENT**,

    Defendants.

Civ. No. 6:19-cv-00576-MC

ORDER

**MCSHANE, Judge**:

    Plaintiff Coos County of Oregon filed this action on April 17, 2019 alleging that Defendants violated the Coos Bay Wagon Roads Act ("CBWR Act"), 43 U.S.C. §§ 2621 and 2622, by refusing to convene an appraisal of the CBWR Grant Lands, which would result in more federal revenue being allotted to the County. Pl.'s Compl. ¶¶ 1–2, 23, ECF No. 1. Plaintiff now moves this Court for a preliminary injunction pursuant to Fed. R. Civ. P. 65. Pl.'s Mot. 1, ECF No. 43. Plaintiff asks this Court to enjoin any transfer of funds from the Coos Bay Wagon Road ("CBWR") grant fund to the U.S. Treasury General Fund and stay the case until the appraisal committee completes its work and the Court issues a further order. *Id.* at 4.

    Because Defendants are obligated to preserve the balance of the CBWR grant fund while the appraisal is in progress, Plaintiff's Motion for a Preliminary Injunction (ECF No. 43) is GRANTED.

1 – ORDER

## BACKGROUND

A detailed rendering of the facts of this case is set forth in the Opinion and Order denying Defendants' first Motion to Dismiss. *See* Op. and Order 2-4, ECF No. 22. For the purposes of this Opinion and Order, the notable facts are incorporated into the discussion below.

## STANDARD

A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish such harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Alternatively, a plaintiff may obtain a preliminary injunction by demonstrating that "serious questions are raised and the balance of hardships tips sharply in [his] favor." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200–01 (9th Cir. 1980) (citation omitted). "Serious questions" are those that cannot be resolved at a hearing and "to which the court perceives a need to preserve the status quo." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (citation omitted). "Serious questions" need not promise a certainty or probability of success but must involve a "fair chance of success on the merits." *Id.* (citation omitted). The court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## DISCUSSION

43 U.S.C. § 2623 provides that the balance of the CBWR grant fund "not required for payments to the counties" shall roll over to the General Fund every ten years. Plaintiffs argue

2 – ORDER

that a preliminary injunction preventing any transfer before the appraisal is complete is necessary to prevent irreparable harm. Pl.'s Mot. 4. A preliminary injunction is warranted in this case.

Plaintiff has succeeded on the merits as to its central claim. This Court granted partial summary judgment in favor of Plaintiff on March 23, 2020, finding that "Defendants violated the CBWR Act and are required to convene an appraisal committee." Op. and Order 1, ECF No. 41. Plaintiff is likely to suffer irreparable harm in the absence of a preliminary injunction. If the CBWR grant fund balance is transferred to the General Fund, Defendants will be unable to pay Plaintiff should the appraisal committee determine Plaintiffs are entitled to higher payments in lieu of taxes. For similar reasons, the balance of equities tips in Plaintiff's favor. Defendants have long delayed convening the appraisal committee. *See* Pl.'s Status Report 2–3, ECF No. 26; Op. and Order, ECF No. 22. Now that the appraisal committee is deliberating, Defendants refuse to stipulate to preservation of the CBWR grant fund balance. Pl.'s Status Report, 1–2, ECF No. 42. This would effectively moot the very purpose of this action. *See* Pl.'s Compl. 24, ECF No. 1.

Finally, granting the preliminary injunction is in the public interest. The appraisal is likely to lead to some payment to Plaintiff. Defendants need to protect the funds that their delay has put at risk. Defendants shall preserve the remaining balance of the CBWR grant fund until the appraisal committee completes its work and this Court issues a further order.

//
//
//
//
//

3 – ORDER

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (ECF No. 43) is GRANTED. This conclusion is not a ruling on the merits of Plaintiff's claims. *See Sierra On-Line, Inc.*, 739 F.2d at 1422.

IT IS SO ORDERED.

DATED this 12th day of June 2020.

        /s/ Michael McShane
        MICHAEL J. MCSHANE
        United States District Judge